UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | No. 24-CR-2 (BAH) |
| v. : | |
| : | |
| **BARRY P. BENNETT,** : | |
| Defendant. : | |

**UNOPPOSED MOTION FOR CONTINUANCE AND EXCLUSION
OF TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America hereby moves this Court to: (1) place this case in abeyance for 18 months; (2) exclude the time within which a trial must be held under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, until September 2, 2025, on the basis that the prosecution is being deferred by an attorney for the government pursuant to a written agreement with the defendant; and (3) set a status conference on a date and time convenient to the Court and the parties on or after September 2, 2025. In support of its motion, the government states as follows:

**PROCEDURAL HISTORY**

On December 28, 2023, the government and Defendant Barry P. Bennett entered into a deferred prosecution agreement (DPA or Agreement) through which the government has agreed that, except as provided in the Agreement, it will not bring any criminal or civil case against Defendant relating to any of the conduct described in the Statement of Facts attached as Exhibit A to the Agreement. (*See* Exhibit 1.) On January 2, 2024, the United States filed an information charging Defendant with violations of 18 U.S.C. § 1001(a)(1) (Scheme to Falsify, Conceal, and Cover up Material Facts from the Department of Justice's FARA Unit) and 22 U.S.C. § 618(a)(2) (False Statements and Material Omissions in Filings Under the Foreign Agents Registration Act).

The DPA is for a term of 18 months. The DPA provides that, if, upon completion of the period of deferred prosecution, the government verifies that the defendant has complied with all

the conditions of deferred prosecution set forth above, the government will move to dismiss the Information with prejudice within two months of receiving this report. Accordingly, the government is asking the Court to hold this case in abeyance for 18 months, toll the STA until September 2, 2025, and to set a status conference on a date and time convenient to the Court and the parties on or before September 2, 2025.

## ARGUMENT

Pursuant to the Speedy Trial Act, in any case in which a plea of not guilty is entered, trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date occurs last. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion, "[t]he [Speedy Trial] Act excludes any period of time 'during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct.'" *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 740–41 (D.C. Cir. 2016) (quoting 18 U.S.C. § 3161(h)(2)). The Speedy Trial Act "confers no authority in a court to withhold exclusion of time pursuant to a DPA based on concerns that the government should bring different charges or should charge different defendants." *Fokker*, 818 F.3d at 738. Further, "[a]lthough charges remain pending on the court's docket under a DPA, the court plays no role in monitoring the defendant's compliance with the DPA's conditions." *Id.* at 744. Rather, the Court's inquiry is

confined "to examining whether the DPA served the purpose of allowing [the defendant] to demonstrate [his] good conduct, as contemplated by § 3161(h)(2)." *Id*. at 747; *see United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 137 (2d Cir. 2017) ("the district court has no freestanding supervisory power to monitor the implementation of a DPA").

In this case, the DPA provides that any prosecution will be deferred for 12 months, during which time Defendant must:

- Not engage in any conduct that would require registration under FARA, 22 U.S.C. §§ 611-618 for a period not to exceed 18 months from the date the parties sign the DPA;

- Cause Avenue Strategies Global LLC to correct its September 2017 and March 2018 FARA filings based on instructions provided by the U.S. Attorney's Office;

- Pay the Fine Amount pursuant to the schedule detailed in the DPA; and

- Comply with the terms of the Court's Order of Release.

Exhibit 1 at 3. These conditions will serve to allow Defendant to demonstrate his good conduct, as contemplated by § 3161(h)(2).

Government counsel has notified counsel for Defendant of the filing of this motion, and counsel does not oppose the motion.

## CONCLUSION

WHEREFORE, the government respectfully requests that this Court grant this motion to place the matter in abeyance for 18 months and to exclude, pursuant to 18 U.S.C. § 3161(h)(2) & 3161(h)(7)(A), the time within which a trial must be held under the Speedy Trial Act, until September 2, 2025. The government further requests that the Court set a status conference on a date and time convenient to the Court and the parties on or before September 2, 2025.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar 481052

By:    */s/Jolie F. Zimmerman*
        Jolie F. Zimmerman
        Assistant United States Attorney
        D.C. Bar No. 465110
        United States Attorney's Office for the District of
          Columbia
        601 D Street, N.W.
        Washington, DC 20530
        (202) 252-7220
        Jolie.Zimmerman@usdoj.gov

        MATTHEW G. OLSEN
        Assistant Attorney General for National Security
        D.C. Bar No. 425240

By:    */s/ Evan N. Turgeon*
        EVAN N. TURGEON
        Deputy Chief for Counter Foreign Malign
        Influence, Counterintelligence and Export Control
        Section
        D.C. Bar No. 1010816; MA Bar No. 675961
        Department of Justice
        National Security Division
        950 Pennsylvania Avenue, N.W.
        Washington, D.C. 20530

(202) 353-0176
evan.turgeon@usdoj.gov